JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,   :   INDICTMENT

    - v. -

WISTING FIERRO,
    a/k/a "Winston Fierro,"
    a/k/a "Niche,"   :

               Defendant.   :

- - - - - - - - - - - - - - - - - - x

**07CRIM1213**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 20 2007

COUNT ONE

The Grand Jury charges:

1. From in or about May 2005, up to and including on or about June 6, 2005, in the Southern District of New York and elsewhere, WISTING FIERRO, a/k/a "Winston Fierro," a/k/a "Niche," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that WISTING FIERRO, a/k/a "Winston Fierro," a/k/a "Niche," the defendant, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts were committed in the Southern District of New York and elsewhere:

a. On or about May 10, 2005, WISTING FIERRO, a/k/a "Winston Fierro," a/k/a "Niche," the defendant, made a phone call to a co-conspirator not named as a defendant herein ("CC-1") and discussed the acquisition by CC-1 of a large quantity of cocaine.

b. On or about May 11, 2005, CC-1 and a co-conspirator not named as a defendant herein ("CC-2"), traveled from the Bronx, New York to Pennsylvania to receive approximately 96 kilograms of cocaine before returning with the cocaine to the Bronx.

c. On or about May 12, 2005, FIERRO made a phone call to CC-1 and discussed the cocaine that CC-1 had obtained in Pennsylvania the prior day.

d. In or about May 2005, FIERRO mailed a letter addressed to CC-1 from California to the Bronx, New York with instructions on the distribution of approximately 96 kilograms of cocaine.

(Title 21, United States Code, Section 846.)

COUNT TWO

The Grand Jury further charges:

4. From in or about May 2005, up to and including on or about June 6, 2005, in the Southern District of New York and elsewhere, WISTING FIEERO, a/k/a "Winston Fierro," a/k/a "Niche," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit robbery and extortion, as those terms are defined in Title 18, United States Code, Section 1951(b)(1) and (b)(2), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, FIERRO, and others known and unknown, conspired to kidnap and rob other individuals they believed to be in possession of or know the whereabouts of cocaine which had been stolen from FIERRO and co-conspirators.

Overt Acts

5. In furtherance of the conspiracy and to effect the illegal object thereof, the following acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about June 4, 2005, WISTING FIERRO, a/k/a "Winston Fierro," a/k/a "Niche," the defendant, instructed CC-1, by phone, to kidnap and interrogate individuals suspected of stealing cocaine from CC-1 and CC-2.

      b.    From in or about May 2005 up to and including June 6, 2005, CC-1, CC-2, and another co-conspirator not named as a defendant herein ("CC-3") met in the Bronx, New York, to attempt to locate and kidnap individuals suspected of stealing cocaine from CC-1 and CC-2.

(Title 18, United States Code, Section 1951.)

## FORFEITURE ALLEGATION

(As to Count One)

6.    As a result of committing one or more of the controlled substance offense alleged in Count One of this Indictment, WISTING FIEERO, a/k/a "Winston Fierro," a/k/a "Niche," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the violation alleged in Count One of this Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the said violations, including but not limited to the following:

      a.    A sum of money in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offenses alleged in Count One of this Indictment.

<u>Substitute Asset Provision</u>

7.   If any of the above-described forfeitable property, as a result of any act or omission of the said defendants:

   (1)   cannot be located upon the exercise of due diligence;

   (2)   has been transferred or sold to, or deposited with, a third person;

   (3)   has been placed beyond the jurisdiction of the Court;

   (4)   has been substantially diminished in value; or

   (5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

<u>FORFEITURE ALLEGATION</u>

(As to Count Two)

8.   As the result of committing the offense alleged in Count Two of this Indictment, WISTING FIEERO, a/k/a "Winston Fierro," a/k/a "Niche," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense,

including but not limited to the following:

    a. A sum of money in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offenses alleged in Count Two of this Indictment.

Substitute Asset Provision

    9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461)

_____    _____
Foreperson                          MICHAEL J. GARCIA
                                    United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**WISTING FIERRO,
a/k/a "Winston Fierro,"
a/k/a "Niche,"**

**Defendant.**

---

**INDICTMENT**

07 Cr.

(Title 21, United States Code, Section 846; Title 18, United States Code, Section 1951)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

---